**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094 |
| | THIS DOCUMENT RELATES TO ALL CASES |
| | JUDGE KAREN SPENCER MARSTON |
| <u>ROSARIO CAMPOS</u>,<br>Plaintiff(s) | COMPLAINT AND JURY DEMAND |
| v. | CIVIL ACTION NO.: _____ |
| <u>NOVO NORDISK INC. and NOVO NORDISK A/S</u>,<br>Defendant(s). | |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.  Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Rosario Campos _____.

2.  If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: [Not Applicable] _____, as [Not Applicable] _____ of the estate of [Not Applicable] _____, deceased.

3.  If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): [Not Applicable] _____.

4.  If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: [Not Applicable] _____.

**Defendant(s)**

5.  Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    XX____ Novo Nordisk Inc.

    XX____ Novo Nordisk A/S

    _____ Eli Lilly and Company

    _____ Lilly USA, LLC

    _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.     City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Natalia, Texas (Medina County)

7.     State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Texas

8.     State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Texas

9.     City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Natalia, Texas (Medina County)

10.     Jurisdiction is based on:

    **XX**    diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____    other (plead in sufficient detail as required by applicable rules):

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

United States District Court for the Western District of Texas,
United States District Court for the District of Delaware, and United States District Court for the District of New Jersey

12.     Venue is proper in the District Court identified in Paragraph 11 because:

    **XX**    a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

**XX**    other (plead in sufficient detail as required by applicable rules):

Defendant, Novo Nordisk Inc., is and at all relevant times has been a Delaware Corporation with a principal place of business at 800 Scudders Mill Road, Plainsboro, New Jersey 08536.

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

[Not Applicable]

**PRODUCT USE**

14.     Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

XX     Ozempic (semaglutide)

_____     Wegovy (semaglutide)

_____     Rybelsus (oral semaglutide)

_____     Victoza (liraglutide)

_____     Saxenda (liraglutide)

_____     Trulicity (dulaglutide)

_____     Mounjaro (tirzepatide)

_____     Zepbound (tirzepatide)

_____     Other(s) (specify): _____

15.     To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic (semaglutide) - Approximately 04/2022 to 08/2023

_____

_____

_____

## INJURIES AND DAMAGES

16.      To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

**XX** _____ Gastroparesis

**XX** _____ Other gastro-intestinal injuries (specify) Nausea, vomiting, and pain _____

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

_____ Additional/Other(s) (specify): _____

17.      Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

Approximately 09/2022

_____

_____

_____

_____

6

18.     In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

**XX**_____ Injury to self

_____ Injury to person represented

**XX**_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.    In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

XX____ Count I:       Failure to Warn – Negligence

XX____ Count II:      Failure to Warn – Strict Liability

XX____ Count III:     Breach of Express Warranty/Failure to Conform to Representations

XX____ Count IV:      Breach of Implied Warranty

XX____ Count V:       Fraudulent Concealment/Fraud by Omission

____ Count VI:       Fraudulent/Intentional Misrepresentation

XX____ Count VII:     Negligent Misrepresentation/Marketing

XX____ Count VIII: Strict Product Liability Misrepresentation/Marketing

_____ Count IX:      Innocent Misrepresentation/Marketing

_____ Count X:       Unfair Trade Practices/Consumer Protection (see below)

XX____ Count XI:      Negligence

XX____ Count XII:  Negligent Undertaking

XX____ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV:  Loss of Consortium

_____ Count XVI: Survival Action

XX____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

Discovery rule and equitable tolling of statutes of limitations
_____

_____

8

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

     a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

     is/are bringing such claims:

[Not Applicable]
_____

_____

_____

     b.    Identify the factual allegations supporting those claims (by subsection, if

     applicable):

[Not Applicable]
_____

_____

_____

*Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21.     If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a.   Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

V.T.C.A., Civil Practice & Remedies Code § 82.001, et seq. - V.T.C.A., Civil Practice & Remedies Code § 82.001 provides, "'Products liability action' means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories."

N.J.S.A. 2A:58C-1, et seq. - N.J.S.A. 2A:58C-2 provides, "A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it:...b. failed to contain adequate warnings or instructions...."

    b.   Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

V.T.C.A., Civil Practice & Remedies Code § 82.001, et seq. - All causes of action are pled independently.

N.J.S.A. 2A:58C-1, et seq. - Claims under New Jersey law are pled in the alternative, but, to the extent applicable, causes of action for negligence, strict liability, and implied warranty would be subsumed.

    c.   Identify the factual allegations supporting those claims:

Plaintiff incorporates by reference the Amended Master Long Form Complaint and Demand for Jury Trial.

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22.     If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? <sub></sub> [Not Applicable] _____.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: February 18, 2026

By:

Jessica W. Hayes (Louisiana 28927)

Murray Law Firm

701 Poydras Street, Suite 4250

New Orleans, Louisiana 70139

Telephone: (504) 525-8100 / Facsimile: (504) 584-5249

E-mail: jhayes@murray-lawfirm.com